**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREDERICK SANTIAGO,<br>Plaintiff,<br>v.<br>CITY OF NEWARK, *et al.*,<br>Defendants. | Case No. 2:25-cv-15726 (BRM) (SDA)<br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are (1) Plaintiff Frederick Santiago's ("Plaintiff") Motions for Default Judgment (ECF Nos. 25, 30), seeking default judgment against Defendants City of Newark, Newark Police Department, Newark Chief of Police John Doe, Mayor Ras Baraka, Officer Jose Fernandes, Officer Jose Rey Colon, and Lieutenant Jeanette Burgos (together, "Defendants") and (2) Defendants' Cross-Motion to Vacate the Entry of Default.[1] (ECF No. 29-2.)

Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Cross-Motion to

[1] The Court understands from the parties' September letters that Plaintiff has not yet received a copy of Defendants' Cross-Motion (ECF No. 32 at 1) and that the copy has had an "in transit" status on USPS tracking since September 4, 2026 (ECF No. 33 at 1, 4). While the deadline for Plaintiff to reply to Defendants' Cross-Motion has passed, Plaintiff expressed a desire to respond to the motion once he receives the motion. (ECF No. 32 at 1.) This Court finds that a reply from Plaintiff would be futile and elects to decide the Cross-Motion now.

Vacate the Entry of Default is **GRANTED** and Plaintiff's Motion for Default Judgment is **DENIED AS MOOT**.

## I. BACKGROUND

### A. Factual Background

For the purpose of this motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

On June 17, 2025, a woman whom Plaintiff was forbidden from contacting pursuant to a no-contact order arrived at Plaintiff's residence with their shared son and refused to leave. (ECF No. 1 ¶¶ 8–11.) Plaintiff told the woman she could not remain at the residence because her presence, as well of the presence of their son, could violate conditions imposed by New Jersey State Parole. (*Id.* ¶ 9.) The woman nevertheless entered the residence without Plaintiff's permission and, during the ensuing encounter, kicked Plaintiff in the leg and "[bent] his finger back" while attempting to take his house keys. (*Id.* ¶ 10.) Plaintiff did not respond with physical force. (*Id.*)

The woman subsequently left Plaintiff's residence but did not take their son with her. (*Id.* ¶¶ 12–13.) When Plaintiff attempted to convince her to take the child with her, she slapped Plaintiff and called New Jersey State Parole alleging Plaintiff "punched her and knocked her out." (*Id.* ¶¶ 12–13.) Newark Police responded, arresting Plaintiff (*id.* ¶¶ 13–14) and transporting him to the hospital, but did not arrest the woman (*id.* ¶¶ 16–17). Plaintiff's arrest included an officer

incorrectly reading the Domestic Violence Registry to state the woman previously had obtained a temporary restraining order against Plaintiff. (*Id.* ¶ 15.) The registry instead reflected Plaintiff previously had been the victim of domestic violence involving the woman. (*Id.* ¶ 15.) The officers thereafter handcuffed and searched Plaintiff in view of his neighbors. (*Id.* ¶ 24.)

### B. Procedural Background

On September 16, 2025, Plaintiff filed a complaint against Defendants (ECF No. 1) which was not served on Defendants until January 2026. (ECF Nos. 13–18.) Plaintiff alleged during the June 17, 2025 events described above, Defendants violated his Fourth Amendment rights as incorporated by the Fourteenth Amendment and failed to train and supervise the police officers under their command in areas governed by the Fourth and Fifth Amendments. (ECF No. 1 ¶¶ 1, 27, 34.)

In the summer of 2026, Plaintiff requested the Court enter default against Defendants (ECF Nos. 20, 26), which the Court granted, and Plaintiff subsequently requested the Court enter default judgment against Defendants.[2] (ECF Nos. 25, 30.)

On September 3, 2026, Defendants filed a Cross-Motion to Vacate the Entry of Default and to extend their time to answer the Complaint. (ECF No. 29.)

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 55 governs entering and vacating default and default judgment.

[2] Specifically, on June 2, 2026, Plaintiff requested the Court enter default against all Defendants other than Lieutenant Jeanette Burgos ("Burgos"). (ECF No. 20). On June 9, 2026, the Court entered default against those defendants. Then, on August 20, 2026, Plaintiff requested the Court enter default against Burgos as well. (ECF No. 26.) On August 26, 2026, the Court entered default against Burgos. On September 9, 2026, Plaintiff requested the Court enter default judgment against Burgos. (ECF No. 30.)

**A. Default**

Rule 55(a) requires the Clerk's Office to enter default against "a party whom a judgment for affirmative relief is sought [when the party] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

However, Rule 55(c) permits the Court to "set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entry of defaults are not favored and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Moreover, the grounds for setting aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.") (quoting 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2696, 334 (1973)).

To determine whether good cause exists to vacate the entry of default, the Court considers the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and

(4) the effectiveness of alternative sanctions.[3] *Emcasco Ins. Co.*, *v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

**B. Default Judgment**

Once the Clerk makes an entry of default, "[Rule] 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). In a matter where the amount sought is not a sum certain or cannot be made certain by computations, the court, rather than the clerk, is required to enter the judgment. Fed. R. Civ. P. 55(b). In contrast, where the amount sought is a sum certain or can be made certain by computation, either the court or the clerk may enter the judgment. *Liberty Mut. Ins. Co., Inc. v. Mentzer*, Civ. A. No. 23--01221, 2024 WL 289340, at *6 (M.D. Pa. Jan. 25, 2024) (finding plaintiff had shown the claim amount was a sum certain and was therefore "entitled to the entry of default judgment against [the] [d]efendant").

Like entries of default, the Third Circuit generally disfavors default judgments. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95). While an entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation omitted). Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it

---

[3] This last factor is not always considered. *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Trs. of the UFCW 126 & Emps. Pension Fund v. Laracca*, Civ. A. No. 16-4759, 2017 U.S. Dist. LEXIS 75091, at *7 (D.N.J. May 17, 2017) (quoting *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015)). In addition, the Court must make explicit factual findings as to: (a) "whether the party subject to default has a meritorious defense," (b) "the prejudice suffered by the party seeking default," and (c) "the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co.*, 834 F.2d at 74); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted" (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195)).

Generally, the Court is required to treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, 58–59 (3d ed. 1998)).

## III. DECISION

It is well-established, "[w]hen parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first." *Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-02734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) (citing *Gentile Concrete, Inc. v. L&L Redi-Mix, Inc.*, Civ. A. No. 21-20515, 2022 WL 2753460, at *2–5 (D.N.J. July 14, 2022); *Doe v. City of Jersey City Bd. of Ed.*, Civ. A. No. 21-

20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022)). Therefore, the Court begins with Defendants' Cross-Motion to Vacate Default and then addresses Plaintiff's Motions for Default Judgment.

### A. Cross-Motion to Vacate Default

Defendants argue the first three *Poulis* factors—prejudice to the plaintiff, whether the default was entered due to the culpable conduct of the defaulting party, and the availability of a meritorious defense—weigh in favor of vacating default. (*See* ECF No. 29-2 at 3–6; *see also generally id.* (failing to address the fourth *Poulis* factor—the effectiveness of alternative sanctions).) The Court reviews each factor in turn.

#### 1. Meritorious Defense

Whether a defendant has a meritorious defense is a "threshold question," which requires the defendant to demonstrate the possibility of ultimately prevailing in the matter. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Id.* (quoting *Tozer*, 189 F.2d at 244). Mere "conclusionary language" is not enough to demonstrate a meritorious defense under Rule 55(c). *Id.* at 196.

Here, Defendants argue that, if permitted to file a responsive pleading to Plaintiff's Complaint, they will assert at least the following defenses: (1) "fail[ure] to plead facts sufficient to state a claim," (2) "lack of any underlying constitutional violation," (3) "absence of an official policy or custom," (4) "failure to articulate deliberate indifference," and (5) "qualified immunity." (ECF No. 29-2 at 5.) These defenses, "if established [at] trial would constitute a complete defense to the action." *Hritz*, 732 F.2d at 1181 (quoting *Tozer*, 189 F.2d at 244); *see Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-02734, 2025 WL 1260900, at *3 (D.N.J. Apr. 30, 2025) (explaining

meritorious defenses include affirmative defenses and contending failure to state a claim); *El v. Atl. City Freeholders*, Civ. A. No. 22-6281, 2024 WL 4132420 (D.N.J. Sept. 10, 2024) (finding qualified immunity a potentially meritorious complete defense to Plaintiff's § 1983 claim).

Accordingly, because Defendant has articulated defenses which, if established at trial, could constitute a complete defense to Plaintiff's claims, the Court finds this *Poulis* factor (availability of a meritorious defense) weighs in favor of vacating default.

**2. Prejudice to the Plaintiff**

Neither delay in litigation nor litigation costs attributed to seeking a default judgment demonstrate prejudice under Rule 55. *See Panda Americas, Inc. v. Future Fund Invs. Corp.*, Civ. A. No. 25-2641, 2025 WL 2828346, at *5 (D.N.J. Oct. 6, 2025). Rather, "[p]rejudice is established where a plaintiff's ability to pursue a claim has been hindered as a result of the defendant's delay; such hindrance may arise by loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Super Laundry Equip. Corp. v. Chan*, Civ. A. No. 13-7381, 2015 WL 3953887, at *3 (D.N.J. June 29, 2015) (citing *Feliciano*, 691 F.2d at 657).

Defendants argue Plaintiff has not articulated any "conceivable prejudice," and he will not be prejudiced because the Court will address the merits of his claim. (ECF No. 29-2 at 4.)

The Court agrees. Nothing in the record indicates Defendants' delay resulted in the loss of evidence, increased the potential for fraud or collusion, or otherwise impaired Plaintiff's ability to prosecute his claims. "Although significant time has passed since Defendant was required to answer the Complaint, there is no indication that Plaintiff will be less able to litigate his claims against Defendant[s] than when the litigation commenced . . . approximately one year ago." *Malik v. Hannah*, Civ. A. No. 05-3901, 2007 WL 2892648, at *2 (D.N.J. Sept. 27, 2007). Accordingly, the Court finds this *Poulis* factor (prejudice to the plaintiff) weighs in favor of vacating default.

**3. Culpability of the Defaulting Party**

To establish culpability, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown." *Jones v. Remington Lodging & Hosp., LLC*, 2024 WL 4626404, at *2 (alteration in the original) (quoting *Westpark Elecs. LLC v. EDealer LLC*, Civ. A. No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023)). "Such conduct may include acts intentionally designed to avoid compliance with court notices, but is not limited to such knowing disregard for court-mandated procedures; reckless disregard for repeated communications from the plaintiff or the court is sufficient to establish culpability." *Chan*, 2015 WL 3953887, at *5 (internal quotation marks omitted) (quoting *Hritz*, 732 F.2d at 1183); *accord Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006). Innocent mishaps or mere mistakes, however, are insufficient to establish culpability. *See Nationwide Mut. Ins. Co.*, 175 F. App'x at 523.

Here, Defendants argue the entry of default did not result from culpable conduct. (ECF No. 29-2 at 5.) Defendants represent their "failure to timely respond [to Plaintiff's complaint] was a result of personnel delays, processing of mailed documents, conflict checks, and the contracting of outside counsel to represent Defendants in the action." (ECF No. 29-2 at 5.) Defendants further state that once "[Defendants' counsel's] office accepted the assignment of this matter . . . steps to remedy default were initiated immediately, with this motion being authored and filed the following week." (ECF No. 29-2 at 5.)

The Court has not been presented with evidence that Defendants willfully failed to respond to Plaintiff's Complaint, as needed to hold default was entered due to Defendants' culpable conduct under Rule 55(c). *See $55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (requiring "doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so

that cases may be decided on their merits'" (quoting *Tozer*, 189 F.2d at 244)). Further, "courts in this District 'have previously recognized that a delay due to a defendant's efforts to retain counsel do not amount to culpable conduct.'" *Mawalla v. Lakewood Police Dep't*, Civ. A. No. 23-1083, 2025 WL 870705, at *2 (D.N.J. Mar. 20, 2025) (quoting *Paris v. Pennsauken School Dist.*, Civ. A. No. 12-7355, 2013 WL 4047638, at *4 (D.N.J. Aug. 9, 2013)). Accordingly, the Court finds this *Poulis* factor (whether the default was entered due to the culpable conduct of the defaulting party) weighs in favor of vacating default.

**4. Other Available Sanctions**

An entry of default judgment "should be a sanction[] of last, not first, resort, and courts should try to find some alternative," such as issuing a warning or formal reprimand, imposing costs or attorney fees, or precluding claims or defenses. *Panda Americas*, 2025 WL 2828346, at *3–7 (quoting *Mawalla*, 2025 WL 1260900, at *4). "Alternative sanctions are effective when they are likely to 'spur [a party] to resume actively litigating th[e] case.'" *Id.* (quoting *Glenn v. Sims*, Civ. A. No. 18-13877, 2024 WL 3104317, at *4 (D.N.J. June 24, 2024)). Although Defendants have failed to address the fourth *Poulis* factor (*see generally* ECF No. 29-2), the Court must still consider the effectiveness of alternative sanctions, *see Emcasco*, 834 F.2d at 73.

Here, the Court finds it need not impose alternative sanctions, recognizing the Third Circuit's strong policy favoring the adjudication of a matter "on the merits whenever practicable," *Hritz*, 732 F.2d at 1181, and finding Defendants' failure to respond was not willful. Accordingly, the Court finds the fourth *Poulis* factor (the effectiveness of alternative sanctions) weighs in favor of vacating default.

Because the *Poulis* factors weigh in favor of vacating the entry of default, the Court finds good cause exists to set aside the entry of default and grants Defendants' Motion to Vacate Default.

### B. Motion to Enter Default Judgment

Having found good cause exists to set aside the entries of default against Defendants, Plaintiffs' Motions for Default Judgment are denied as moot.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Cross-Motion to Vacate the Entry of Default is **GRANTED** and Plaintiff's Motions for Default Judgment are **DENIED AS MOOT**. An appropriate order follows.

**Date: October 8, 2026**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**